FILED

APR 30 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA LYNN BOYD, | No. 11-36035 |
| Plaintiff - Appellant, | DC No. 3:10 CV-05756 MJP |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted April 12, 2013
Seattle, Washington

Before:    TASHIMA and CALLAHAN, Circuit Judges, and SEABRIGHT, District Judge.[**]

Appellant Barbara Boyd's application for Social Security disability benefits

was denied by an Administrative Law Judge ("ALJ").  The Appeals Council denied

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Boyd's request for review, and it noted that Boyd's new evidence did not alter the validity of the ALJ's ruling. The district court affirmed, and Boyd appealed to this Court. She argues that: (1) the Appeals Council gave inadequate reasons for denying review; (2) the ALJ's ruling was not supported by substantial evidence in the updated record; (3) the ALJ did not sufficiently account for Boyd's advanced age; and (4) the ALJ's adverse credibility finding was erroneous. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1.      The Appeals Council gave adequate reasons for denying review of the ALJ's ruling. As an initial matter, we do not have jurisdiction to review the Appeals Council's non-final agency action. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Moreover, "in rejecting [new] evidence, the Appeals Council is not required to make any particular evidentiary finding." *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996), *superseded by regulation on other grounds as stated in Hudson v. Astrue*, CV 11-0025-CI, 2012 WL 5328786, at *4 n.4 (E.D. Wash. Oct. 29, 2012).

2.      The ALJ's ruling was supported by substantial evidence in the updated record. "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the

Commissioner's final decision for substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted).

The primary new evidence is a report from Dr. Leslie Carter, based on a January 7, 2009, evaluation. Dr. Carter opined that Boyd's limitations equaled the requirements for Social Security listing 12.04 (affective disorders). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1. She also gave Boyd a Global Assessment of Functioning ("GAF") score of "45 (current)," indicating that, at the time of her evaluation, Boyd suffered from serious psychological symptoms or impairments.[1] Dr. Carter's evaluation, however, was several months after the ALJ's hearing.

Although Dr. Carter's findings suggest a potential disability, they are at odds with extensive evidence that was before the ALJ. For example, Dr. Carter's findings conflict with those of Ms. Henson, Dr. Clifford, and Dr. Essink – all of whom found, at most, only mild to moderate limitations in various categories.

---

[1]     GAF describes a patient's overall level of mental functioning in a single measure. *Diagnostic & Statistical Manual of Mental Disorders* 32-34 (4th ed. Text Revision 2000).

Moreover, Dr. Carter's GAF score does not cover the period in question, and Boyd does not adequately show how it might affect the GAF scores that were before the ALJ. Finally, none of the other new evidence – in isolation or in the aggregate – sufficiently undermines the ALJ's ruling to warrant remand. In other words, the ALJ's ruling was supported by substantial evidence in the updated record.

3. The ALJ sufficiently accounted for Boyd's age at the time of the hearing. Boyd's age category, as defined by the Social Security regulations, shifted between the time of her alleged onset date and the date of the hearing. Even if the ALJ failed to consider Boyd's advanced age category at Step Five, the error was harmless because the Medical Vocational Guidelines recommend a decision of "not disabled" under either age category for a claimant in Boyd's position. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2. Moreover, there is no indication that the vocational expert's testimony improperly relied on the younger age category.

4. The ALJ gave sufficient reasons for finding that Boyd was not credible. "Unless there is affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (internal quotation marks omitted). In discrediting Boyd's testimony, the ALJ

-4-

relied on several medical findings in the record. For example, he cited Ms. Henson's findings of no impairment in several cognitive categories, as well as her GAF score of 58. He relied on Dr. Essink's GAF score of 65 and on Dr. Essink's opinion that Boyd had a good prognosis for significant improvement. The ALJ further considered Dr. Clifford's assessment that, among other things, Boyd could "manage the basic adaptive demands of the workplace." Taken together, these medical findings provided a sufficient basis for discrediting Boyd's contrary testimony.

**AFFIRMED.**