**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANA M. DENHAM, | No. 11-35718 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05682-TSZ |
| v. | |
| MICHAEL J. ASTRUE, Comissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, Senior District Judge, Presiding

Argued and Submitted October 12, 2012
Seattle, Washington

Before: TASHIMA, M. SMITH, and CHRISTEN, Circuit Judges.

Deana Denham appeals the denial of her applications for disability insurance

benefits and supplemental security income under the Social Security Act. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We review de novo the district court's order upholding the Commissioner's denial of benefits. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). "We will 'set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error.'" *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009)). In determining whether the Commissioner's decision is supported by substantial evidence, we must consider new evidence submitted for the first time to the Appeals Council so long as the evidence relates to the period on or before the Administrative Law Judge's ("ALJ") decision. *Brewes*, 682 F.3d at 1159-60, 1162.

Absent any evidence of malingering, the ALJ was required to provide clear and convincing reasons for discounting Denham's testimony about the extent of her impairments. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160-61 (9th Cir. 2008). Denham testified as to the nature and severity of her physical limitations, but the ALJ found Denham's statements to be inconsistent based upon (1) the evidence offered by physicians that she had the residual functional capacity ("RFC") to perform certain light and sedentary work; (2) the record of her daily activities, which included performing various chores and caring for two young children; and (3) her work history, including almost two years of part-time

2

janitorial work after the disability onset date in her applications.[1]  *Cf. Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (reversing credibility determination as contrary to medical evidence, not supported by daily activity evidence, and improperly based on failed attempt to work).  We find these reasons for discounting Denham's testimony to be clear, convincing, and supported by substantial evidence.[2]

Additionally, the ALJ did not err in his evaluation of the medical evidence. Denham did not present medical evidence indicating functional limitations more severe than the RFC found by the ALJ.  The ALJ properly considered the opinions of Denham's treating pulmonologist and psychiatrist who opined that Denham was not disabled.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ properly gave "some weigh[t]" to the non-examining opinion of Dr. Hoskins.  *See id.* at 831.  The ALJ's conclusions are consistent with recommendations from

---

[1]      After the ALJ's finding that Denham's janitorial work constituted substantial gainful activity through December 31, 2007, Denham amended her disability onset date to January 1, 2008 on appeal to the district court.

[2]      The ALJ also erroneously based his adverse credibility finding on Denham's activities of playing computer games and socializing with family, which improperly penalizes Denham for attempting to live a "normal" life in the face of her limitations.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because there remains substantial evidence in the record to support the ALJ's credibility determination without this evidence, the error was harmless.  *Carmickle*, 533 F.3d at 1162-63.

Denham's treating physical therapist and certified physician assistant that she avoid heavy lifting and physical labor. The ALJ did not need to provide reasons for rejecting medical opinions where those opinions were incorporated into the RFC. *Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010). We conclude that the ALJ's RFC determination is consistent with the record evidence, explains the inconsistencies in the evidence between the medical reports and Denham's subjective symptom testimony, and adequately sets forth the basis for its determination. *See* SSR 96-8p; *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Because the ALJ's hypothetical to the vocational expert encompassed the RFC and the vocational expert identified available jobs in the national and local economy, the ALJ's finding of no disability was supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006) (explaining that if the RFC allows the claimant to adjust to work existing in the economy the claimant is not disabled).

Denham has failed to demonstrate that the ALJ's decision was not supported by substantial evidence or was based on prejudicial legal error, considering both the evidence before the ALJ and the additional evidence submitted only to the Appeals Council.

**AFFIRMED.**