**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATHLEEN JULIA COLEMAN, | No. 12-35207 |
| Plaintiff - Appellant, | D.C. No. 3:11-CV-05184-RBL |
| v. | |
| CAROLYN W. COLVIN,** COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM * |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted April 12, 2013
Seattle, Washington

Before: TASHIMA and CALLAHAN, Circuit Judges, and SEABRIGHT,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**       Carolyn W. Colvin is substituted for her predecessor Michael J. Astrue, as Commissioner of Social Security, pursuant to Fed. R. App. P. 43(c)(2).

\***       The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Plaintiff-Appellant Kathleen Julia Coleman appeals from the district court's judgment affirming Defendant-Appellee Commissioner's adoption of the Administrative Law Judge's ("ALJ") decision finding her not disabled under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-83f, during the period starting on January 1, 2004. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision de novo, and will reverse the Commissioner's decision only if it was "based on legal error or . . . not supported by substantial evidence." *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012). We affirm.

Ms. Coleman raises a number of arguments that the ALJ erred in addressing her diagnoses of mental disorders at step two of the five-step sequential analysis. We reject these arguments. First, the ALJ's determination that Ms. Coleman failed to establish a medically determinable mental impairment is supported by substantial evidence because Ms. Coleman failed to present any evidence of signs or laboratory findings establishing that Ms. Coleman suffered from a mental impairment. *See* 20 C.F.R. §§ 404.1508, 404.1528(a), 416.908. Second, the ALJ had no duty to develop the record on this point where the evidence was not ambiguous and the record was not "inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Third,

2

the ALJ did not err by failing to specifically address Ms. Coleman's diagnoses of sleep disorder and chronic pain -- an ALJ need only explain why "significant probative evidence has been rejected," *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (quotations and citations omitted), and Ms. Coleman's mere diagnoses do not meet this standard. Finally, because Ms. Coleman failed to establish a medically determinable mental impairment, she necessarily also failed to establish a colorable claim of mental impairment such that the ALJ had no duty to apply the special psychiatric review technique and determine her degree of functional limitation. *See Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 726 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520a(b).

Ms. Coleman also argues that the ALJ's decision is not supported by substantial evidence where the Appeals Council received and made part of the record a June 19, 2009 Assessment Report from the ARK Institute of Learning (the "ARK Report"). Considering the ARK Report in light of the record as a whole, the ALJ's decision is still supported by substantial evidence. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). The ARK Report does not establish any medically determinable mental impairment because it is not an acceptable medical source. *See* 20 C.F.R. § 404.1513(a). Nor does it affect the Residual Functional Capacity ("RFC") determination where it suggests only

3

academic limitations and does not call into question the finding that Ms. Coleman can perform sedentary, unskilled jobs.

Ms. Coleman also argues that the ALJ erred in giving too little weight to Dr. Laumans' letter to the Disability Coordinator at the University of Puget Sound, which sought some accommodations for Ms. Coleman's living and work environment. Contrary to Ms. Coleman's argument, the ALJ provided a number of specific and legitimate reasons that are supported by substantial evidence for rejecting this letter, and in any event the letter did not directly address the relevant inquiry for the RFC analysis. *See Hill v. Astrue*, 698 F.3d 1153, 1159-60 (9th Cir. 2012).

We further reject Ms. Coleman's argument that the ALJ erred in discrediting her testimony. The ALJ provided specific, clear, and convincing reasons based on the record supporting that Ms. Coleman's testimony was not credible. Further, an independent reason exists for rejecting her testimony (*i.e.*, that Ms. Coleman may be motivated by secondary gain), and Ms. Coleman offers no argument to reject this reason. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

Finally, because Ms. Coleman's argument that the RFC was not supported by substantial evidence relies on her previous arguments, we reject it as unsupported.

**AFFIRMED**.