**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NAN WILDER,

          Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

          Defendant - Appellee.

No. 12-35452

D.C. No. 3:11-cv-308-HA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Argued and Submitted November 6, 2013
Portland, Oregon

Before: ALARCÓN, M. SMITH, and HURWITZ, Circuit Judges.

    Nan Wilder appeals from a district court judgment affirming the decision of

the Social Security Commissioner denying her claim for Disability Insurance

Benefits and Supplemental Security Income.  We have jurisdiction under 28 U.S.C.

§ 1291.  We affirm.

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**I**

Wilder contends the ALJ erred by failing to include the step-three finding that Wilder had moderate "difficulties in maintaining concentration, persistence and pace" in Wilder's residual functional capacity (RFC) assessment and in the hypothetical posed to a vocational expert (VE). We disagree. The medical evidence in this record does not support any work-related limitation in Wilder's ability to sustain concentration, persistence, or pace. Substantial evidence therefore does not support functional limitations more severe than limitation to "simple, routine, repetitive work" accounted for in the RFC and the hypothetical question posed to the VE. *See, e.g.*, *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony.").

**II**

Wilder also argues the ALJ erred because she disregarded lay-witness testimony from Wilder's counselor, Gina Patriarca, without providing reasons germane to Patriarca for doing so. The ALJ specifically stated that she disregarded Patriarca's testimony for relying too heavily on Wilder's subjective complaints and for "inadvertently assum[ing] the role of advocate" for a position that "depart[ed]

2

substantially from the rest of the evidence in the record." The ALJ set out clear and convincing reasons for rejecting Wilder's subjective complaints, and no party challenges this adverse-credibility determination. That Patriarca also relied in part on objective observations does not obviate her heavy reliance on Wilder's self reports. In addition, substantial evidence supports the ALJ's determination that Patriarca's opinions conflicted with other medical evidence in the record. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.").

**III**

Wilder maintains further that the Appeals Council erred in affirming the ALJ's decision without remarking on new and material medical evidence she submitted from Dr. James Powell. "We have held that we do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)).

The Commissioner concedes, as she must, that Dr. Powell's opinion nevertheless became part of the administrative record on appeal once the Appeals

Council denied review. *Brewes*, 682 F.3d at 1163. But Dr. Powell's opinion does not merit remand. Objectively verifiable results from concentration tests Dr. Powell administered belie his suggestion that Wilder has a serious "impairment in the area of sustained concentration and pace." And to the extent that this opinion was based on Wilder's subjective reporting of her symptoms, the opinion lacks weight because the ALJ found Wilder not credible.

## IV

We decline to remand under *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010), for the ALJ to consider Wilder's October 26, 2009 disability determination. Wilder's failure to raise this subsequent disability determination before the district court precludes remand under sentence six of 42 U.S.C. § 405(g). *See Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) ("For this court to order a remand, [the claimant] must show 'that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding . . . .'" (omission in original) (quoting 42 U.S.C. § 405(g))).

**AFFIRMED.**