**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KIMBERLEY A. GARDNER,
*Plaintiff-Appellant*,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,
*Defendant-Appellee*.

No. 14-35164

D.C. No.
6:12-cv-00755-JE

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted October 3, 2016
Portland, Oregon

Filed May 9, 2017

Before: Richard R. Clifton, Mary H. Murguia,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Nguyen

# SUMMARY[*]

## Equal Access to Justice Act / Attorney Fees

The panel reversed the district court's denial of plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") because the Commissioner of Social Security's litigation position was not substantially justified; and remanded for the district court to determine the appropriate amount of fees to award.

After losing her claim for social security disability benefits before the Administrative Law Judge ("ALJ"), plaintiff presented new evidence – a final report by plaintiff's treating doctor – to the Appeals Council, and in light of this new evidence in the administrative record, the district court remanded for further consideration. In denying plaintiff's request for attorney's fees, the district court concluded that the Commissioner was substantially justified in arguing that the new evidence did not undermine the ALJ's denial of benefits.

The panel held that the issue before the district court on the original merits appeal of the ALJ's denial of benefits was not whether there was other evidence that could support a denial of benefits to plaintiff, or whether the Commissioner's denial of benefits might ultimately be sustained, but rather whether the actual decision that was made by the ALJ could be affirmed at that time by the district court in light on the new evidence in the record. The panel

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

further held that it should have been plain that the ALJ's decision could not have been affirmed, because the ALJ failed to provide a reason that was still viable for giving the treating doctor's opinion little weight. The panel held that the treating doctor's final report, if credited, would have undermined the ALJ's original finding that plaintiff was not disabled. The panel concluded that the Commissioner did not have a legitimate basis to oppose remand and to argue that the district court should affirm the existing ALJ opinion; and the district court, by applying the wrong legal standard to evaluate the Commissioner's litigation position, abused its discretion.

## COUNSEL

Alan Stuart Graf (argued), Alan Stuart Graf PC, Floyd, Virginia, for Plaintiff-Appellant.

Gerald Hill (argued), Assistant Regional Counsel; David Morado, Regional Chief Counsel, Seattle Region X; Office of the General Counsel, Social Security Administration, Seattle, Washington; Ronald K. Silver, Assistant United States Attorney; Kelly A. Zusman, Appellate Chief; United States Attorney's Office, Seattle, Washington; for Defendant-Appellee.

**OPINION**

NGUYEN, Circuit Judge:

Kimberley Gardner appeals the district court's denial of her application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). We reverse and remand.

After losing her claim for social security disability benefits before the Administrative Law Judge ("ALJ"), Gardner presented new evidence—a final report by her treating doctor, Dr. Rory Richardson—to the Appeals Council. In light of this new evidence in the administrative record before the Appeals Council, the district court remanded for further consideration. The Commissioner did not appeal this decision. But the district court denied Gardner's request for attorney's fees, concluding that the Commissioner was substantially justified in arguing that the new evidence did not undermine the ALJ's denial of benefits. Implicit in the Commissioner's litigation position, however, was an assumption that the ALJ on remand either would reject or give little weight to the treating doctor's opinion. There is simply no support for this assumption. The ALJ had not previously considered the merits of Dr. Richardson's opinion and, if credited, that opinion would undoubtedly bolster Gardner's claim that she is disabled. On this record, the Commissioner was not substantially justified in arguing otherwise.

**I.**

Gardner applied for disability insurance benefits and supplemental security income based on her adult attention deficit hyperactivity disorder ("ADHD") and anxiety. The

Commissioner denied her claims initially and upon reconsideration.

At the next level of review, the ALJ considered evidence including (1) Gardner's testimony regarding her symptoms and inability to work; (2) the interim opinion of then-examining physician Rory Richardson that Gardner had depressive disorder with concomitant obsessive-compulsive disorder and ADHD that was "likely to prevent her from being able to maintain attention span, complete tasks, and function in a gainful employment setting" despite medications and treatment; (3) the opinion of examining physician James Bryan that Gardner exaggerated her symptoms and suffered from no condition that would significantly impede her employability; and (4) the opinion of nonexamining psychological consultant Paul Rethinger that Gardner's mental impairments limit her to work involving simple, unrushed tasks and requiring little social interaction, but that Gardner's limitations did not render her disabled.

The ALJ, performing the Social Security Administration's usual five-step evaluation process,[1]

---

[1] The ALJ performs a "sequential evaluation process" which ends when the ALJ finds that the claimant is or is not disabled. 20 C.F.R. § 416.920(a)(4). At the first step, a claimant "doing substantial gainful [work] activity" is not disabled. *Id.* § 416.920(a)(4)(i). At the second step, a claimant is not disabled unless she has a "medically determinable physical or mental impairment" or combination of impairments that is severe and either lasts at least a year or results in death. *Id.* § 416.920(a)(4)(ii). At the third step, a claimant is disabled if the severity of her impairments meets or equals one of various impairments listed by the Commissioner, 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* § 416.920(a)(4)(iii). At the fourth step, a claimant is not disabled if her residual functional capacity ("RFC") allows her to perform her past relevant work. *Id.* § 416.920(a)(4)(iv). At the fifth and final step, a

concluded that Gardner was not disabled.  He found at steps
two and three that she had severe impairments of ADHD,
somatoform disorder, borderline personality features, and
chondromalacia patella, but that these conditions did not
meet or equal a listed impairment.  The ALJ found at steps
four and five that Gardner was able to perform both her past
relevant work as a personal attendant and other jobs that
exist in the national economy such as retail/wholesale
marker and garment sorter.

In reaching these findings, the ALJ found Gardner
"credible to the extent she suffers from some type of
impairment" but found that her "statements concerning the
intensity, persistence[,] and limiting effects of these
symptoms [were] not credible."   He found that her
"treatment records . . . demonstrate these symptoms are well
maintained when [she] takes her medications as directed by
her treatment providers."  The ALJ gave "little weight" to
Dr. Richardson's interim report, explaining that "it is only
an interim report and [Dr. Richardson has] not completed a
full assessment, indicating a degree of speculation in
reaching his conclusions."   The ALJ found Dr. Bryan's
assessment "persuasive" and gave it "significant weight."
The ALJ assigned Dr. Rethinger's opinion "great weight"
because he concluded that it was generally consistent with
the record.

Gardner sought review of the ALJ's decision by the
Appeals Council.  When subsequent reports by now-treating
physician Dr. Richardson (collectively, the "final report")

---

claimant is disabled if she cannot make an adjustment to other work that
"exists in significant numbers in the national economy," *id.*
§ 416.960(c)(2), given her RFC, age, education, and work experience,
*id.* § 416.920(a)(4)(v).

became available after he had treated her on several occasions, Gardner submitted them to the Appeals Council for consideration. As before, Dr. Richardson concluded that "[d]espite medications and treatment, she continues to have impairment of function which is likely to prevent her from being able to maintain attention span, complete tasks, and function in a gainful employment setting." This time, however, Dr. Richardson did not qualify his opinion as "interim." He also opined that Gardner "is plagued by Obsessive Compulsive patterns which severely delay her ability to leave the house and frequently [is] unable to do so without the assistance of her partner." The Appeals Council included Dr. Richardson's final report in the administrative record but denied review.

Gardner then filed this action in the district court. She argued that the case should be remanded to the ALJ for an award of benefits because substantial evidence supported her disability in light of Dr. Richardson's final report. The Commissioner argued that even with this additional evidence in the record, the ALJ's decision remained supported by substantial evidence and should be affirmed.

In findings and recommendations adopted in whole by the district court, the magistrate judge opined that the ALJ properly rejected Dr. Richardson's opinion based on the record as it stood at the time of the ALJ's decision, *i.e.*, the interim report. The magistrate judge reasoned that Dr. Richardson was at the time of the interim report only an examining physician and the ALJ provided a specific and legitimate reason for rejecting his opinion—its preliminary nature—that was supported by the record.

The magistrate judge concluded that the Commissioner's decision should be reversed, however, because "further administrative proceedings are generally appropriate if the

ALJ has not had the opportunity to consider significant additional evidence." Pointing to Dr. Richardson's opinion in the final report "that [Gardner's] impairments would likely prevent her from functioning in a competitive employment setting," the magistrate judge had "little doubt that a finding of disability would be required if [Dr. Richardson's] opinion were fully credited."

The district court entered judgment remanding the case to the ALJ to address Dr. Richardson's final report as Gardner's treating physician. The Commissioner did not appeal the decision. Gardner moved for attorney's fees pursuant to EAJA, which the Commissioner opposed. The magistrate judge recommended awarding $6,713.06 in fees. The district court rejected this recommendation and denied EAJA fees, finding that the Commissioner's litigation position was substantially justified. Gardner appeals this ruling.

## II.

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g). We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. *See Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). We review the district court's order denying EAJA fees for abuse of discretion. *Id.*

EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of showing that its position was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)).

"Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). The "position of the United States" includes both "the position taken by the United States in the civil action" as well as the agency's action or inaction "upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

## III.

The ALJ gave "specific and legitimate reasons supported by substantial evidence," for rejecting Dr. Richardson's original opinion as an examining physician. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). As the district court observed, the interim nature of Dr. Richardson's opinion was a legitimate reason for the ALJ to discredit it. But the district court recognized that this observation was ultimately irrelevant to its analysis, because it had to determine whether the ALJ's finding of nondisability was supported by substantial evidence in the entire record—including any new evidence in the administrative record that the Appeals Council considered—not just the evidence before the ALJ. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

The Commissioner's position before the district court was that Dr. Bryan's opinion and other record evidence that the ALJ considered provided substantial evidence that Gardner was not disabled and that Dr. Richardson's final report as a treating physician "does not render the ALJ's decision unsupported by substantial evidence." The Commissioner has not identified the right question, however. In determining whether a party is eligible for fees

under EAJA, the district court must determine whether the government's position regarding the specific issue on which the district court based its remand was "substantially justified"—not whether the ALJ would ultimately deny disability benefits. *See Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) (stating that, after *Shalala v. Schaefer*, 509 U.S. 292 (1993), there was "a logical shift in focus within the circuit . . . from considering only the ultimate issue of disability to considering the justification of the government's position at the discrete stage in question"); *see also Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) ("Under the Act, attorneys' fees are to be awarded to a party winning a . . . remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" (quoting *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995))).

Here, the issue that was before the district court on the original merits appeal of the ALJ's denial of benefits was not whether there was other evidence that could support a denial of benefits to Gardner, or whether the Commissioner's denial of benefits might ultimately be sustained. It was whether the actual decision that was made by the ALJ could be affirmed at that time by the district court in light of the new evidence in the record. As we explain below, it should have been plain that it could not have been affirmed, because the ALJ's decision failed to provide a reason that was still viable for giving the opinion of Dr. Richardson little weight. Dr. Richardson's final report, if credited, would have undermined the ALJ's original finding that Gardner was not disabled.

Implicit in the Commissioner's argument is an assumption that the ALJ would not fully credit Dr.

Richardson's final report. The district court did not, in fact, adopt that assumption to affirm the denial of benefits.[2] Instead, the district court properly remanded the merits case back to the agency, so that the ALJ could decide in the first instance what impact Dr. Richardson's final report should have.

By later concluding, in denying the fee application, that the Commissioner's position had been substantially justified, however, the district court appeared to accept the Commissioner's mischaracterization of the relevant legal question. Even if the Commissioner might have had a legitimate basis for opposing Gardner's claim, she did not have a basis to oppose remand and to argue that the district court should affirm the existing ALJ opinion. The district court, by applying the wrong legal standard to evaluate the Commissioner's litigation position, abused its discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

Once Dr. Richardson's opinion was "final," it could no longer be given little weight by the ALJ on the ground that it was merely "interim." Indeed, under the Ninth Circuit's "treating physician" rule, the ALJ was required to give the opinion of a treating physician like Dr. Richardson its "greatest weight." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ therefore could have rejected Dr. Richardson's opinion only by providing "specific and legitimate reasons . . . supported by substantial evidence" in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). But apart from the interim nature of Dr. Richardson's opinion, the ALJ gave no other "specific and

---

[2] Nor could it have adopted such an assumption, which would contravene our holding in *Brewes* by ignoring the new evidence.

legitimate" reason for disregarding it. *Id.* The rejection of Dr. Richardson's opinion solely on that basis could not stand once Dr. Richardson's final report became part of the record.

As a general rule, where the "critical portions" of a treating physician's discredited opinion were presented for the first time to the Appeals Council, "[t]he appropriate remedy . . . is to remand th[e] case to the ALJ" to consider the additional evidence. *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). That is what the district court did here, and, as we have explained, that is the only result it could properly have reached as the case was presented to it at that point in time. Dr. Richardson's final report as a treating physician was critical because the ALJ discredited the original report solely due to its preliminary nature, and the final report, if credited, would undermine the ALJ's initial decision. Remand was a foregone conclusion, so the Commissioner's opposition to remand was therefore unreasonable.

The Commissioner contends that *Harman* is distinguishable because the ALJ there erred—by rejecting without explanation a treating physician's opinion, *see id.* at 1174—whereas the ALJ here did not. *Harman* did not turn on the ALJ's error. The issue was whether the ALJ's failure to consider relevant evidence obligated the district court "simply to credit the opinion as true" and remand for immediate payment of benefits or whether the district court correctly entered an order remanding for further development of the administrative record.[3] *Id.* at 1178. We

---

[3] If the ALJ does not give specific and legitimate reasons for rejecting a treating physician's assessment, the district court has two options. It can reverse and remand for an award of benefits where "(1) the record has been fully developed and further administrative

concluded that remand for further proceedings, as opposed to remand for an immediate award of benefits, was the appropriate course of action based on "the present state of the record," not the ALJ's error. *Id.* at 1180 (stating that we could not conclusively determine from the record as a whole that the claimant was, in fact, disabled within the meaning of the Social Security Act).

The Commissioner cites several unpublished decisions that she asserts "serve as objective indicia that [she] was substantially justified in interpreting *Brewes*" to not require remand "even though the claimants submitted new evidence to the Appeals Council in support of their claims." These cases do not support the proposition that remand is optional so long as there is some evidence in the record before the ALJ to support the ALJ's decision. And indeed, this is not the standard that has been applied by our court. Rather, we have affirmed district court denials of remand notwithstanding the existence of new evidence only when there would be substantial evidence supporting the ALJ's denial of disability benefits even if the new evidence were credited and interpreted as argued by the claimant. *See Wilder v. Comm'r of Soc. Sec. Admin.*, 545 F. App'x 638, 640 (9th Cir. 2013) (finding new medical opinion "does not merit remand" because it was based on "[o]bjectively

---

proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence . . . ; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (footnote omitted) (citations omitted). Alternatively, the district court can "remand on an open record for further proceedings 'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Burrell*, 775 F.3d at 1141 (quoting *Garrison*, 759 F.3d at 1021).

verifiable results . . . [that] belie [the] suggestion that [the claimant] has a serious 'impairment . . .'" and "subjective reporting" by claimant whom "the ALJ found . . . not credible"); *Boyd v. Colvin*, 524 F. App'x 334, 336 (9th Cir. 2013) (finding immaterial new evidence that "does not cover the period in question"); *Coleman v. Colvin*, 524 F. App'x 325, 326 (9th Cir. 2013) ("The [new evidence] does not establish any medically determinable mental impairment because it is not an acceptable medical source."); *Denham v. Astrue*, 494 F. App'x 813, 815–16 (9th Cir. 2012) (examining "both the evidence before the ALJ and the additional evidence submitted only to the Appeals Council" and finding claimant "did not present medical evidence indicating functional limitations more severe than the RFC found by the ALJ").

Here, there is no basis to assume that on remand the ALJ would discredit the new evidence rather than rely on it to reach a different conclusion. The only reason given by the ALJ for discrediting the interim report was that Dr. Richardson had "not completed a full assessment." Had the ALJ considered the final report, which confirmed the interim report's conclusions, the ALJ may well have credited Dr. Richardson's assessment over Dr. Bryan's or Dr. Rethinger's. By the time Dr. Richardson issued his final report, he had treated Gardner several times. In contrast, Dr. Bryan assessed Gardner based on a single examination and Dr. Rethinger never examined Gardner. In general, "the opinions of [nonexamining physicians and] examining non-treating physicians are afforded less weight than those of treating physicians." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(1)–(2)).

\* \* \*

We reverse the district court's decision to deny EAJA fees and remand to the district court to determine the appropriate amount of fees to award.

**REVERSED and REMANDED.**