**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL G. CRAMER, | No.   16-35215 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00640-MAT |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted December 11, 2017**

Before:    THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges

Michael Cramer appeals the district court's decision affirming the

Commissioner of Social Security's denial of Cramer's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015), and we affirm.

Substantial evidence supports the determination by the Administrative Law Judge (ALJ) that Cramer's hepatitis C and degenerative disc disease had no more than a minimal effect on his ability to work, and fibromyalgia was not a medically determinable impairment. *See Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (explaining that impairments are non-severe if they have no more than a minimal effect on a claimant's ability to work). Any error in failing to specifically discuss lumbar spondylosis, joint pain, myalgia, and myositis at step two is harmless because the ALJ considered all the evidence in assessing Cramer's residual functional capacity (RFC), and Cramer fails to identify any medical evidence supporting additional functional limitations that the ALJ did not consider. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (any error in failing to find an impairment severe at step two is harmless if the ALJ considers any resulting limitations in assessing a claimant's RFC).

The ALJ provided clear and convincing reasons to reject Dr. Knapp's opinion, reasoning that Dr. Knapp's opinion as to Cramer's ability to work was inconsistent with: (1) Dr. Knapp's own conclusion that Cramer could perform most daily activities, (2) Cramer's actual work history, and (3) Cramer's volunteer work,

16-35215

which included spending four hours a day on the computer. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (explaining that inconsistency with a claimant's activities is a proper reason to reject a physician's opinion); *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (concluding that the ALJ properly rejected physicians' opinions based on inconsistency with the claimant's past ability to work despite their limitations and inconsistency with a physician's own clinical observations).

The ALJ reasonably rejected Dr. Harmon's opinion because it relied entirely upon Dr. Knapp's opinion, which the ALJ reasonably rejected. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (the ALJ does not need to accept a medical opinion that is inadequately supported by clinical findings).

The ALJ did not err by failing to discuss additional treatment notes that were neither significant nor probative. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

The ALJ provided several clear and convincing reasons to reject Cramer's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ reasonably discredited Cramer's testimony regarding the extent of his functional limitations based on his inconsistent statements regarding the dates and duties of his previous employment. *See Ghanim*, 763 F.3d at 1163 (including inconsistent statements as a reason that the ALJ may rely on to discredit claimant testimony).

Second, the ALJ reasonably discredited Cramer's testimony of debilitating symptoms based on inconsistency with Cramer's activities. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Third, the ALJ properly discredited Cramer's testimony based on inconsistencies with relatively mild mental status examinations. *Id.* at 1113 (concluding that the ALJ properly discredited claimant testimony that was inconsistent with the medical record). Fourth, the ALJ reasonably discredited Cramer's testimony based upon Cramer's inadequately explained failure to take any medications. *Id.* at 1112.

The ALJ properly included all limitations that were supported by substantial evidence in the RFC and hypothetical to the vocational expert (VE). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174-76 (9th Cir. 2008) (concluding that the claimant fails to raise a fresh issue based on the RFC and VE testimony by restating earlier arguments about the medical evidence).

Substantial evidence continues to support the ALJ's opinion despite the new evidence considered by the Appeals Council. *See Gardner v. Berryhill*, 856 F.3d 652, 658 (9th Cir. 2017) (explaining that this Court must determine whether substantial evidence supports the ALJ's reasoning considering new evidence considered by the Appeals Council). Although the ALJ did not consider the new evidence medical opinion evidence that Cramer would be precluded from work due to an inability handle social interactions, supervision, and agitation, the ALJ

considered similar limitations, and rejected them as inconsistent with Cramer's activities, past work, and volunteer work. The same reasoning applies to discredit the new evidence, and substantial evidence continues to support the ALJ's determination.

**AFFIRMED.**