**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRI MARSH-QUINLAN, | No. 21-35190 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-06136-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Argued and Submitted December 9, 2021
San Francisco, California

Before: GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,** Judge.

Plaintiff Terri Marsh-Quinlan appeals the district court's denial of her

motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C.

§ 2412(d). Reviewing for abuse of discretion, Tobeler v. Colvin, 749 F.3d 830,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

832 (9th Cir. 2014), we reverse and remand for calculation and award of fees and costs.

The district court abused its discretion when it determined that the government's opposition to remand was substantially justified. "[W]e have affirmed district court denials of remand notwithstanding the existence of new evidence only when there would be substantial evidence supporting the ALJ's denial of disability benefits even if the new evidence were credited and interpreted as argued by the claimant." Gardner v. Berryhill, 856 F.3d 652, 658 (9th Cir. 2017).

Here, as in Gardner, 856 F.3d at 655, 657, the new evidence in the administrative record could not be discounted for the same reasons the ALJ gave for discounting the evidence that he had considered previously. Dr. Moore's report addressed directly the primary insufficiencies that the ALJ identified in Dr. Brown's report by providing narrative information that explained and supported her conclusions. Accordingly, here, as in Gardner, 856 F.3d at 658, "[r]emand was a foregone conclusion, so the Commissioner's opposition to remand was therefore unreasonable."

**REVERSED and REMANDED with instructions.**