**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELE BELANGER, | No. 17-35656 |
| Plaintiff-Appellant, | D.C. No. 6:07-cv-01727-AA |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted May 9, 2022**
Pasadena, California

Before: McKEOWN and OWENS, Circuit Judges, and HELLERSTEIN,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

Michele Belanger appeals from the district court's order denying her motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Belanger sought attorneys' fees under the EAJA after this court reversed and remanded the 2012 Administrative Law Judge ("ALJ") decision denying her application for Social Security disability benefits. *See Belanger v. Berryhill*, 685 F. App'x 596, 598 (9th Cir. 2017). We review the denial of a motion for attorneys' fees under the EAJA for an abuse of discretion. *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017). As the parties are familiar with the facts, we do not recount them here. We affirm.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government has the burden of showing that its position was substantially justified." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017). "Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id.* (citation and internal quotation marks omitted). "Put differently, the government's position must have a reasonable basis both in law and fact." *Id.* (citation and internal quotation marks omitted).

The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). In other words, the "'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "In the social security context, we have consistently treated the ALJ's decision as the 'action or failure to act by the agency upon which the civil action is based[.]'" *Id.*

1. Belanger argues that the district court erred because, for purposes of determining eligibility for EAJA fees, the "position of the United States" should have also included the earlier 2005 ALJ decision that the district court remanded for consideration of new evidence under sentence six of 42 U.S.C. § 405(g). However, Belanger waived this issue by failing to adequately raise it in the district court. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 930 (9th Cir. 2018) ("Although no bright line rule exists to determine whether a matter has been properly raised below, an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (citation omitted)).

In her EAJA application, Belanger was only required to "allege that the position of the United States was not substantially justified," 28 U.S.C.

§ 2412(d)(1)(B), and then the burden shifted to the government to establish otherwise. *See Scarborough v. Principi*, 541 U.S. 401, 414-16 (2004). Nonetheless, after the government's opposition focused on the 2012 ALJ decision, Belanger should have raised her argument that the 2005 ALJ decision was also relevant, such as in her reply. Instead, Belanger's reply likewise focused on the 2012 ALJ decision and made no mention of the 2005 ALJ decision. We are not persuaded by Belanger's contention that we should consider this issue for this first time on appeal because it is purportedly "purely one of law." *Kaass Law v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015) (citation omitted).

2. The district court did not abuse its discretion by determining that the government's position regarding the 2012 ALJ decision was "substantially justified." Although this court reversed and remanded the ALJ's and district court's denial of benefits, Belanger's success on the merits "is not dispositive of an EAJA application." *Decker*, 856 F.3d at 664.

Regarding the vocational expert's assessment, the district court reasoned that "the single rationale that united the three-judge panel rested on" our then-recent decision in *Dale v. Colvin*, 823 F.3d 941, 945 (9th Cir. 2016), which held that "an ALJ errs when he discounts an other source's *entire* testimony because of inconsistency with evidence in the record, when the ALJ has divided the testimony into distinct parts and determined that only one part of the testimony is

4

inconsistent." *Dale* explicitly stated that we had "not addressed" this question "in our past cases." *Id.* The district court acted within its discretion in determining that the government's position regarding the vocational expert's assessment, which occurred prior to *Dale*, was substantially justified.

Regarding the ALJ's discounting of two medical opinions, the district court pointed to Judge O'Scannlain's partial concurrence in *Belanger*, 685 F. App'x at 601-02, which, as paraphrased by the district court, explained that the majority's identification of error "hinged on nuanced questions of how much deference is owed to an ALJ under the substantial evidence standard and how clearly an ALJ must connect the decision to discredit a claimant's symptom statements to the decision to discredit a treating physician opinion based largely on those statements." The district court also noted that the government persuaded both a district judge and an appellate judge that its position regarding the medical opinions "was not only justified, but correct." The district court acted within its discretion in determining that the government's position regarding the medical opinions was substantially justified.

Accordingly, Belanger has not shown that the district court abused its discretion by denying her motion for attorneys' fees under the EAJA.

**AFFIRMED**.