**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KIM DANA DECKER,
*Plaintiff-Appellant*,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,
*Defendant-Appellee.*

No. 14-35373

D.C. No.
6:11-cv-06344-HU

OPINION

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Argued and Submitted October 3, 2016
Portland, Oregon

Filed May 9, 2017

Before: Richard R. Clifton, Mary H. Murguia,
and Jacqueline H. Nguyen, Circuit Judges.

Opinion by Judge Clifton

**SUMMARY**[*]

---

**Equal Access to Justice Act / Attorney Fees**

The panel affirmed the district court's denial of plaintiff's application for attorney fees under the Equal Access to Justice Act ("EAJA") based on the determination that the Commissioner of Social Security's litigation position was substantially justified.

Plaintiff successfully challenged the Commissioner's denial of plaintiff's application for disability benefits and obtained a remand of her claim to the agency for further consideration.

The panel held that the district court did not abuse its discretion in determining that the Commissioner's position was substantially justified because the Commissioner's opposition to remand of the claim on the merits was reasonable, even though it turned out to be unsuccessful. The panel noted that plaintiff's new evidence submitted to the Appeals Council, though sufficient in the end to persuade the district court to remand the case, did not make that the only reasonable result.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Jeffrey H. Baird (argued), Dellert Baird Law Office, Seattle, Washington; Alan Stuart Graf, Alan Stuart Graf PC, Floyd, Virginia; for Plaintiff-Appellant.

Jeffrey Eric Staples (argued) and Nicole Jabaily, Assistant Regional Counsel; David Morado, Regional Chief Counsel, Seattle Region X; Office of the General Counsel, Social Security Administration, Seattle, Washington; Adrian Lee Brown, Assistant United States Attorney, United States Attorney's Office, Seattle, Washington; for Defendant-Appellee.

## OPINION

CLIFTON, Circuit Judge:

Kim Dana Decker appeals the district court's denial of her application for attorney fees. In earlier proceedings in the district court, Decker successfully challenged the Commissioner's denial of her application for disability benefits and obtained a remand of her claim to the agency for further consideration. The district court denied her application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), for reimbursement of the attorney fees she incurred in litigating her case, however, because it determined that the Commissioner's litigation position was substantially justified. That conclusion precludes a fee award under the EAJA. *Id.* § 2412(d)(1)(A).

This is one of two cases before this panel presenting the same question arising out of similar procedural histories. In

each case an Administrative Law Judge (ALJ) denied benefits to a claimant, the claimant sought review by the Social Security Appeals Council and submitted new evidence in support of the claim, the Appeals Council declined to review the denial of benefits but incorporated the new evidence into the administrative record, the claimant filed an action in district court to challenge the denial, and the district court subsequently remanded the case, over the Commissioner's objection, to the ALJ for further proceedings in light of the new evidence. Each of the two claimants at that point sought an award of fees under the EAJA. The district court denied the request for fees in both cases.

In our opinion in the other case, *Gardner v. Berryhill*, ___ F. 3d ___, No. 14-35164 (9th Cir. May 9, 2017), filed concurrently with this opinion, we concluded that the Commissioner's position was not substantially justified because our precedent clearly required remand of the merits claim to the ALJ for further consideration. Even though the Commissioner's opposition to Gardner's disability claim might, in the end, be justified, the opposition before the district court to remand for further proceedings was not substantially justified because remand was "a foregone conclusion." *Id.* at 12. As a result, we reversed the denial of fees under the EAJA and remanded to the district court for determination of the appropriate amount of fees.

In contrast, in this case we conclude that the district court did not abuse its discretion in determining that the Commissioner's position was substantially justified because the Commissioner's opposition to remand of the claim on the merits was reasonable, even though it turned out to be unsuccessful. Accordingly, we affirm the district court's denial of Decker's application for attorney fees.

## I.  Background

Decker applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, alleging that her ability to work was limited by a variety of ailments, including arthritis.  An ALJ determined that Decker had the residual functional capacity to perform light work with certain specifications.  The ALJ also concluded that there were jobs existing in significant numbers in the national economy that were available to a person of Decker's age, education, and experience and that Decker had the capacity to perform.  The ALJ therefore concluded that she was not disabled and denied her application for benefits.

Decker then requested that the Appeals Council review the ALJ's decision.  Decker supplied the Appeals Council with the results of blood tests that were not available at the time the ALJ issued his decision.  The new evidence, presented in the form of two pages of a print-out from a medical laboratory, listed the results of several different tests. The report identified some results as "abnormal" as compared to a stated "reference range," including that Decker's rheumatoid factor was 73 IU/ml, as compared to a reference range of 0–15 IU/ml, her "Sed Rate, Westergren" was 76 mm/hr, as compared to a reference range of 0–25 mm/hr, her "RDW" was 14.5%, as compared to a reference range of 11.5–14.2%, and her "PLT CT" was 406,000/mm$^3$, as compared to a reference range of 150,000–400,000/mm$^3$.[1]

---

[1] While not apparent from the report itself, Decker explains in her briefing on appeal that "Sed Rate, Westergren" refers to sedimentation rate (Westergren method), "RDW" refers to red cell distribution width, and "PLT CT" refers to platelet count.

Decker did not supply any doctor's opinion or other evidence interpreting these raw results. Decker's medical record suggested that she had previously had at different times both "normal" and "abnormal" results in similar tests. The Appeals Council incorporated the new test results into the record but nonetheless denied review, and the ALJ's decision became the Commissioner's final decision.

Decker proceeded to file a complaint in the district court seeking review of the Commissioner's decision and arguing that the new blood test results suggested that she suffered from rheumatoid arthritis. The magistrate judge issued Findings and Recommendations (F&R) concluding that, in light of the new results, the Commissioner's decision was not supported by substantial evidence. The F&R explained:

> Without knowing [Decker's doctor's] interpretation of these results, the Court is essentially being . . . asked to rule that substantial evidence supports the ALJ's disability determination, even though the [new] laboratory results could conceivably suggest the onset of a far greater degree of impairment than that which had previously been contemplated. Certainly there is at least a possibility that [Decker's doctor] could interpret these results in a way that warrants a departure from the ALJ's decision. For the Court to say otherwise would be particularly misguided given its lack of medical expertise.

The district court agreed, adopted the F&R in its entirety, and reversed and remanded for further proceedings. The Commissioner did not appeal that decision to this court.

Decker then filed an application for fees pursuant to the EAJA.  The magistrate judge issued a new F&R concluding that the Commissioner's position was not substantially justified and recommending that the application for fees be granted in part and denied in part.  Neither party objected to the F&R.

The district court disagreed with the recommendation by the magistrate judge, stating that it was unclear under this court's decision in *Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157 (9th Cir. 2012), whether the new evidence considered by the Appeals Council in this case required remand.  In light of the evidence in the record supporting the ALJ's decision to deny benefits to Decker, the district court concluded that the Commissioner was substantially justified in arguing that the new evidence did not warrant remand.  The district court therefore denied Decker's application for attorney fees.  Decker filed a timely notice of appeal.

## II. Discussion

We review a denial of an EAJA application for attorney fees for an abuse of discretion.  *Meier v. Colvin*, 727 F.3d 867, 869 (9th Cir. 2013).  This policy supports the "view that a 'request for attorney's fees should not result in a second major litigation.'"  *Pierce v. Underwood*, 487 U.S. 552, 563 (1988) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  "A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record."  *Meier*, 727 F.3d at 869–70.

As a preliminary matter, Decker contends that, because no party objected to the magistrate judge's F&R regarding her EAJA application, the district court abused its discretion in reviewing the F&R. This argument is without merit. A district court's authority to review a magistrate judge's F&R is not conditioned on a party's making an objection. Under 28 U.S.C. § 636(b)(1), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Although a district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," *id.*, nothing in the statute precludes the district court from reviewing other findings or recommendations de novo if it chooses to do so, *Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile [28 U.S.C. § 636] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.").

Moving to the primary issue, the EAJA provides, subject to exceptions not relevant here:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include "reasonable attorney fees." *Id.* § 2412(d)(2)(A).

When the Commissioner seeks to avoid paying attorney fees for a prevailing party in a Social Security case, it is the Commissioner's burden to "show[] that her position with respect to the issue on which the court based its remand was 'substantially justified.'" *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995); *see also Meier*, 727 F.3d at 870. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. The government's position is not substantially justified simply because our precedents have not squarely foreclosed the position. *See id.* at 566 ("To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness . . . ."). Rather, "the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Pierce*, 487 U.S. at 565).

In *Campbell v. Astrue*, 736 F.3d 867 (9th Cir. 2013), we explained:

> While this circuit has been clear that when an agency's decision is unsupported by substantial evidence it is a strong indication that the position of the United States is not substantially justified, this circuit has never stated that *every* time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees.

*Id.* at 869. We are mindful of the fact that Decker succeeded on the merits, and we consider that success against our observation that "it 'will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in . . .

substantial . . . evidence in the record.'" *Id.* at 868 (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005)). Nevertheless, success on the merits is not dispositive of an EAJA application, *id.* at 869, and we must assess the justification of the Commissioner's position based on its reasonableness before the district court made its decision on the merits.

The issue presented to the district court by Decker's appeal of the denial of benefits was the question of whether the new evidence Decker submitted to the Appeals Council required remand to the ALJ for consideration of how the new data might impact Decker's disability determination. The district court determined that remand was appropriate based on our opinion in *Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157 (9th Cir. 2012), regarding the treatment of additional evidence not before the ALJ but added to the record when the case was presented to the Appeals Council. We held "that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Id.* at 1163.

In *Brewes* the ALJ had determined that the claimant was not disabled because she could perform jobs existing in significant numbers in the national economy. *Id.* at 1163. The vocational expert who testified before the ALJ acknowledged, however, "that if a person with Brewes'[s] characteristics were to miss two or more days of work per month, . . . she would be unemployable." *Id.* After the ALJ's decision was issued, Brewes submitted new evidence to the Appeals Council: a letter in which her treating psychologist

and her mental health nurse practitioner "opined that 'it is likely Brewes would miss quite a few days a month from even a simple job.'" *Id.* (brackets omitted). Because Brewes's new evidence directly undermined the basis of the ALJ's analysis, we concluded that the Commissioner's decision was "not supported by substantial evidence." *Id.* at 1164.

*Gardner*, the companion to this case, is similar to *Brewes*. The ALJ in *Gardner* reviewed an examining physician's interim report that, if fully credited, would have required a finding of disability. The ALJ discredited the report purely because it was an interim, not final, report. Gardner submitted the physician's final report to the Appeals Council, which declined review. The physician's final report stated a conclusion similar to that of the interim report, supporting Gardner's disability claim. *Gardner* at 7. Just as in *Brewes*, the new evidence directly undermined the basis for the ALJ's decision: since the report had been finalized, the physician's opinion could no longer be disregarded on the grounds that it was only interim. With nothing left to support the ALJ's rejection of the physician's opinion, remand was "a foregone conclusion." *Id*. at 12. Because the Commissioner lacked substantial justification to oppose the remand, Gardner was entitled to fees pursuant to the EAJA.

It was not so obvious, though, whether Decker's case required remand. Decker's new evidence consisted of two pages of blood test results, without further explanation. A medical laboratory report that identifies certain test results as "abnormal" when compared to stated reference ranges is not very meaningful by itself. A report of one or more "abnormal" test results might be evidence that supports a finding of long-term disability, but it does not on its face

compel it.  Decker failed to submit evidence interpreting the added test results that would have made them more meaningful to the district court and to us.  She also failed to explain why her new results meaningfully differed from her previous results, some of which were also abnormal.  Noting that the new test results were not accompanied by anything stating how they were interpreted by Decker's physician, the district court explained the decision to remand the merits case to the agency by observing that there was "a possibility" that the results could be interpreted by Decker's doctor to support a result different from that reached by the ALJ.  That result was not inevitable, however.

Judges are not physicians, though too many lawyers who practice in the Social Security disability benefits field seem to think otherwise.  The district court was not required to interpret for itself test results in the way that Decker wanted.  Decker's new evidence, though sufficient in the end to persuade the district court to remand the case, did not make that the only reasonable result.  We cannot say, in that circumstance, that the district court abused its discretion in reaching the conclusion that the Commissioner's position in opposing remand was substantially justified.

## III.    Conclusion

Because the district court did not abuse its discretion in concluding that the Commissioner's position was substantially justified, we affirm the district court's denial of Decker's application for attorney fees under the EAJA.

**AFFIRMED.**