**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARRITA TRUJILLO, | No.    14-35895 |
| Plaintiff-Appellant, | D.C. No. 3:13-CV-00620-SI |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Court Judge, Presiding

Submitted November 7, 2017[**]

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

Marrita Trujillo appeals the district court's order denying her motion for

attorneys' fees under the Equal Access to Justice Act ("EAJA") in her action for

judicial review of the Commissioner of Social Security's denial of her application

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for disability insurance benefits under Title II of the Social Security Act, which the district court reversed and remanded for further proceedings. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

We review the district court's order denying a motion for attorneys' fees under the EAJA for an abuse of discretion. *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017). A district court "abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record." *Id.*

The EAJA provides that "a court shall award to a prevailing party other than the United States fees . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating that both its litigation position and its position in the agency action underlying the litigation were substantially justified. *Decker*, 856 F.3d at 664; *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017). Substantial justification means "justified to a degree that could satisfy a reasonable person," *Gardner*, 856 F.3d at 656, and includes situations in which "reasonable people could differ as to the appropriateness of the contested action,

*Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, the government's position must have a "reasonable basis both in law and in fact." *Decker*, 856 F.3d at 664.

In ruling on Trujillo's motion for attorneys' fees, the district court did not abuse its discretion in finding the agency decision in this case was substantially justified. Although Trujillo argues that the DOT's inclusion of the language "one- or two-step instructions" in the definition of Reasoning Level One meant the ALJ was required to find the DOT and the vocational expert's testimony that Trujillo could perform Reasoning Level 2 jobs conflicted, that conclusion was not inevitable. As the district court noted, the DOT reasoning levels do not necessarily correspond with the functional limitations as defined by the Social Security Administration, and no binding precedent existed on this issue at the time the ALJ rendered the decision on Trujillo's application for benefits. In addition, district court opinions differing as to whether this phrase is inconsistent with DOT's Level Two Reasoning parameters illustrate that the conflict was not necessarily apparent. *Compare, e.g., Murray v. Colvin*, No. C-13-01182 DMR, 2014 WL 1396408, at *10 (N.D. Cal. Apr. 10, 2014) (finding no conflict) *with Chase v. Colvin*, No. 06:12-cv-01857-HZ, 2013 WL 5567082, at *4-5 (D. Or. Oct. 9, 2013) (finding conflict exists). Because a reasonable person could have concluded that the ALJ

3

did not err in finding the vocational expert's testimony and the DOT did not conflict, the district court did not abuse its discretion when it concluded that the underlying agency action was substantially justified. *See Gardner*, 856 F.3d at 656; *Pierce*, 487 U.S. at 565.

The district court also did not abuse its discretion in finding that the government's litigation position was substantially justified. Although finding an agency action was not supported by substantial evidence can serve as a "strong indication" that the government's position was not substantially justified, "success on the merits is not dispositive of an EAJA application." *Decker*, 856 F.3d at 664. Furthermore, the "existence of precedents construing similar statutes or similar facts" is an important factor in determining whether the government's litigation position was substantially justified. *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988) (citing *Pierce*, 487 U.S. at 566). In this case, in concluding the government's litigation position was substantially justified, the district court properly relied upon the lack of controlling precedent and the inconsistency of district court decisions concerning whether an RFC limitation to one- or two-step instructions and DOT Reasoning Level Two conflict. *See id.*; *Decker*, 856 F.3d at 665. Because the district court did not apply the incorrect legal standard or apply the correct standard

4

in an illogical way, the district court did not abuse its discretion. *Decker*, 856 F.3d at 663; *Kali*, 854 F.2d at 334.

**AFFIRMED**.