**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHLEEN M. BURKE, | No.    16-35764 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05548-BHS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 6, 2018 [**]

Before: THOMAS, Chief Circuit Judge, and TROTT and SILVERMAN, Circuit Judges

Kathleen Burke appeals the district court's denial of her application for fees

pursuant to the Equal Access to Justice Act following our remand of her previous

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security disability benefits appeal. We review the district court's order for an abuse of discretion. *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017). We affirm.

The district court did not improperly reconsider the merits of Burke's disability claim. It properly focused on the nature and scope of our remand to determine whether both the government's litigation position and ALJ's position had a reasonable basis in fact and law. *Id.* at 664; *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017); *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996). It reasonably concluded that it did.

Nor did the district court ignore an independent reason for remand. Our holding that the ALJ failed to develop the record to support three of the adverse credibility findings was intertwined with and dependent upon our holding that the adverse credibility findings were unsupported by the record. We specifically rejected Burke's argument that the ALJ otherwise failed to develop the record.

The district court did not abuse its discretion by holding that both the ALJ's decision and the government's litigation position had a reasonable basis in fact and law. Burke never disputed that she made inconsistent statements about her medical condition and why she stopped working. As a matter of law, inconsistent statements may support adverse credibility determinations. *Tommasetti v. Astrue*,

533 F.3d 1035, 1039 (9th Cir. 2008). Finally, the district court could consider disagreement among the federal judges in deciding substantial justification. *Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013); *Lewis v. Barnhart*, 281 F.3d 1081, 1084 (9th Cir. 2002).

AFFIRMED.