**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HEATHER M. LINDEN,

       Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

       Defendant-Appellee.

No.   17-35209

D.C. No. 3:16-cv-05308-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted June 6, 2018[**]
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,[***] District
Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

Heather Linden appeals the denial of her application for Social Security Disability and Supplemental Security Income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      After evaluating each of Linden's arguments, we conclude that the ALJ's formulation of Linden's residual functional capacity (RFC) is consistent with the medical evidence in the record. Substantial evidence supports the ALJ's RFC determination indicating Linden could perform light work subject to certain restrictions.

      a.      To assess credibility, the ALJ engaged in the required two-step analysis outlined in *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Citing the statements of two of Linden's examining physicians, the ALJ noted that Linden exaggerated her symptoms when seeking treatment. A tendency to exaggerate is a valid reason to discount a claimant's testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Thus, the ALJ offered a specific, clear, and convincing reason for finding Linden was not entirely credible.

      b.      The ALJ did not err in evaluating the medical evidence in the record. In general, Linden argues that the RFC determination does not account for all of the limitations found in Linden's medical records. However, the limitations listed in the RFC determination need only be consistent with, rather than identical

2

to, the limitations identified by a treating physician. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Here, the limitations that the ALJ incorporated into Linden's RFC are consistent with the limitations identified by the physicians whose opinions the ALJ credited.

   c. Linden has failed to show that the ALJ erred in evaluating the testimony of Linden's mother. The ALJ gave some weight to the testimony of Linden's mother, and Linden has not identified how the RFC determination fails to account for her mother's observations. In addition, Linden has not cited any authority supporting the proposition that the ALJ was required to credit the lay testimony of Linden's mother to the extent it conflicted with the medical evidence in the record. Thus, Linden has not demonstrated that the ALJ erred in evaluating her mother's testimony.

  2. The Commissioner did not err in omitting from the agency record the additional evidence provided to the Appeals Council. "[W]e do not have jurisdiction to review a decision of the Appeals Council denying a request for review"; however, "the administrative record includes evidence submitted to and considered by the Appeals Council." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012). Thus, "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence

3

becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." *Id.* at 1163. Here, the Appeals Council never considered the additional evidence presented by Linden. Rather, the Appeals Council looked at the evidence, determined it post-dated Linden's date last insured, and decided it was not relevant. Because the Appeals Council did not take the evidence into account in deciding to decline review, it is not "evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Thus, the Commissioner did not err in omitting the evidence from the agency record.

Furthermore, the additional medical report was based on an examination conducted nearly four years after Linden's date last insured, the evidence in the report mostly duplicated other evidence in the record, and even though the ALJ did not find that Linden's alleged fibromyalgia was a severe impairment, the ALJ still considered all of Linden's symptoms in reaching her findings. Thus, any error was harmless. *See Decker v. Berryhill*, 856 F.3d 659, 665 (9th Cir. 2017) (suggesting that remand to the ALJ is required only when "the new evidence directly undermined the basis for the ALJ's decision").

**AFFIRMED.**