NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT R. CONNELLY,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN,[*] Acting
Commissioner of Social Security,

        Defendant-Appellee.

No.   23-35527

D.C. No. 3:22-cv-05943-SKV

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Argued and Submitted October 21, 2024
Portland, Oregon

Before:  HAMILTON,[***] VANDYKE, and H.A. THOMAS, Circuit Judges.

     Plaintiff Scott R. Connelly appeals the district court's judgment affirming

the Commissioner of Social Security's denial of his applications for disability

---

    [*]   We have substituted Acting Commissioner Carolyn W. Colvin as
defendant-appellee pursuant to Federal Rule of Appellate Procedure 43(c).

    [**]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [***] The Honorable David F. Hamilton, United States Circuit Judge for the
U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Connelly argues that the administrative law judge (ALJ) improperly evaluated the medical evidence, his own testimony regarding his symptoms, and a lay witness statement. He also argues that new evidence he first submitted to the Appeals Council warrants remand. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), but we review the ALJ's decision deferentially under 42 U.S.C. § 405(g). We may reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ahearn*, 988 F.3d at 1115 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012)). We affirm.

1. Medical Evidence: The ALJ's decision to discount medical opinions offered by Drs. Franzen, Wilton, and Wingate – and an opinion from treating therapist Price – was supported by substantial evidence and was explained sufficiently. *See* 20 C.F.R. § 404.1520c(b) (explaining that ALJ must "articulate … how persuasive [she] find[s] all of the medical opinions" from each source, and "explain how [she] considered the supportability and consistency factors"). Dr. Franzen said on December 14, 2018 that Connelly then had significant ankle pain preventing him from working, but later physical therapy notes showed substantial improvement. Those same notes indicated that Dr. Franzen had "cleared"

2                                                                                      23-35527

Connelly to return to work less than a month later, supporting the ALJ's decision to discount Dr. Franzen's December 14, 2018 opinion as evidence of long-term disability. *See* 20 C.F.R. § 404.1529(c)(3)(v) (requiring ALJs to consider a claimant's treatment).

Substantial evidence supports the ALJ's assessment of Dr. Wilton's opinion regarding Connelly's hernia-related limitations as unpersuasive because it was inconsistent with evidence of his daily activities, including walking, riding a bicycle, and chopping firewood. *See Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (affirming ALJ's rejection of medical opinion as inconsistent with claimant's daily activities documented in medical records); *see also Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (reversing denial of benefits but noting that inconsistency between medical opinion and claimant's daily activities can be valid reason to discount that medical opinion). Finally, substantial evidence supports the ALJ's assessment of Dr. Wingate's opinion as partially persuasive and Mr. Price's opinion as unpersuasive because both opinions were contrary to other medical evidence showing that Connelly's mental health symptoms improved with counseling and sobriety. *See Woods v. Kijakazi*, 32 F.4th 785, 792–93 (9th Cir. 2022) (affirming ALJ's rejection of doctor's mental health opinion when inconsistent with "overall treating notes and mental status exams in the record").

The ALJ's decision to give little weight to medical opinions regarding Connelly's other impairments was also supported by substantial evidence. The ALJ made bullet-pointed lists explaining that Connelly was able to walk effectively despite various medical conditions, that medical providers did not recommend leg-elevation for his edema, that he declined hernia treatment, and that he improved his mental health symptoms through treatment. There was more than a "mere scintilla" of evidence to support the ALJ's determination. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *accord*, *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (noting that this court defers to ALJ when record is "susceptible to more than one rational interpretation") (quoting *Andrews*, 53 F.3d at 1040). The ALJ's determination was also supported by findings from non-examining state physicians, which the ALJ could rely upon. *See Woods*, 32 F.4th at 791–92 (noting that 2017 amendments to regulations do not require deference to treating physicians); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (approving ALJ's rejection of treating physician's opinion in part because it was contradicted by opinions from two non-examining physicians).

2. Connelly's Subjective Symptom Testimony: The ALJ's rejection of Connelly's testimony about his cognitive limitations was also supported by substantial evidence. The ALJ found that Connelly's testimony was inconsistent with evidence showing that those symptoms could be managed with treatment. *See*

4

23-35527

*Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for [supplemental security income] benefits."); *see also Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). The ALJ also noted that Connelly's symptom testimony was contrary to evidence indicating that he remained unemployed due to factors other than his cognitive impairments. This reason was another appropriate "clear and convincing" ground for discounting Connelly's testimony. *See, e.g., Brown-Hunter v. Colvin*, 806 F.3d 487, 493–94 (9th Cir. 2015) (ALJ must provide "clear and convincing" reasons for finding claimant's testimony not credible, and remanding where requirement was not satisfied); 20 C.F.R. § 404.1529(c) (grounds for evaluating symptoms like pain include prior work and daily activities, among other factors).

Substantial evidence also supports the ALJ's discounting of Connelly's subjective symptom testimony regarding his physical impairments. She noted that Connelly could walk, ride a bicycle, shop, run errands, chop firewood, and garden. An inconsistency with a claimant's daily activities can be an appropriate basis for discounting a claimant's testimony about the disabling effects of his impairments. *Smartt*, 53 F.4th at 499–500 (affirming denial of benefits on this basis where

claimant's subjective symptom testimony was inconsistent with daily activities).

 3. Lay Evidence: Assuming that ALJs must still, after the 2017 regulation amendments, offer reasons "germane to each witness" in order to reject lay evidence, *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)), the ALJ satisfied that obligation. *See* 20 C.F.R. § 404.1520c(d) (after 2017 amendments to regulations, ALJ does not need to articulate assessment of non-medical evidence using standards for medical evidence); *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 n.1 (9th Cir. Dec. 27, 2022) (noting that ALJ's obligations regarding lay evidence are unsettled after 2017 amendments). The ALJ in this case described the statement submitted by Simmons, Connelly's friend, and concluded that it was "inconsistent with the overall medical evidence of record." She then identified multiple inconsistencies, including Connelly's response to treatment and daily activities. These reasons were sufficiently "germane" to warrant discounting Simmons's statement, and the ALJ's determination was supported by substantial evidence. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (noting that when ALJ provided clear and convincing reasons to reject claimant's testimony and lay witness testimony was similar, "it follows that the ALJ also gave germane reasons for rejecting" the lay witness testimony).

 4. Residual Functional Capacity: The ALJ also did not err in determining

Connelly's residual functional capacity or in posing her hypothetical questions to the vocational expert. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) ("In arguing the ALJ's hypothetical was incomplete, [claimant] simply restates her argument that the ALJ's [residual functional capacity] finding did not account for all her limitations …."). Because the ALJ's determination of Connelly's limitations appropriately weighed the medical evidence, her residual functional capacity determination – which accounted for those limitations – was not flawed. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (concluding ALJ did not err in assessing residual functional capacity when she "permissibly discounted" evidence from treating physicians and provided clear and convincing reasons for rejecting claimant's subjective symptom testimony).

5. Appeals Council Evidence: The evidence first submitted to the Appeals Council – Dr. Wilkinson's 2022 opinion – does not require remand for two reasons. First, it post-dates the period of disability at issue in the ALJ's decision and so is of limited relevance. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (approving ALJ's decision to disregard testimony given more than a year after alleged period of disability); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (noting that "new evidence must bear directly and substantially on the matter in dispute" (citation and internal quotation marks omitted)). Second,

the new evidence does not "directly undermine[]" the ALJ's conclusion. *Decker v. Berryhill*, 856 F.3d 659, 665 (9th Cir. 2017). Dr. Wilkinson opined that Connelly had "marked" limitations in performing tasks without special supervision, maintaining appropriate behavior in a work setting, and completing a normal workday without interruptions from his symptoms. But Dr. Wilkinson also noted that Connelly was "cooperative," his speech was "logical and related to topic," and he had normal thought process and content, orientation, memory, fund of knowledge, abstract thought, and insight and judgment. Substantial evidence still supports the ALJ's conclusion, and remand is not required based on the new evidence.

**AFFIRMED.**