NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SARAH M. ROWE, | No. 23-35590 |
| Plaintiff-Appellant, | D.C. No. 3:23-cv-05116-BAT |
| v. | |
| CAROLYN W. COLVIN*, Acting Commissioner of Social Security, | MEMORANDUM** |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Argued and Submitted December 2, 2024
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

An administrative law judge (ALJ) found Sarah Rowe not disabled and denied her application for Title II disability insurance benefits. Five months later, Rowe

---

\* Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

obtained a new functional capacity evaluation from Dr. Scott Miller that she argues undermines the ALJ's no-disability decision. Rowe submitted Dr. Miller's evaluation to the Appeals Council, which denied review. She now appeals from the district court's order affirming the Commissioner's denial of benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Reversal is appropriate "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) (citation omitted). We must consider new evidence submitted to and considered by the Appeals Council when reviewing the ALJ's decision for substantial evidence. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

1.      Rowe does not dispute that the ALJ's no-disability decision—in isolation—is supported by substantial evidence. She argues instead that Dr. Miller's post-denial functional capacity evaluation undermines the substantial evidence supporting the ALJ's decision. But to have any relevance, the evaluation must be probative of Rowe's functioning during the period that the ALJ adjudicated. *See Sanchez v. Sec'y of Health & Hum. Servs.*, 812 F.2d 509, 511–12 (9th Cir. 1987) (citing 42 U.S.C. § 416(i)(2)(G)). In addressing Rowe's condition as of five months *after* the ALJ's decision, Dr. Miller's evaluation does not connect its conclusions to Rowe's pre-denial functioning. Nor does it address the objective medical evidence

from the period at issue. Rowe maintains that Dr. Miller reviewed the entire record, including evidence from the adjudication period. But she does not point to any actual support for this assertion, and Dr. Miller never stated that he reviewed Rowe's prior medical records. So Dr. Miller's evaluation cannot undermine the substantial evidence supporting the ALJ's no-disability decision, as it does not bear on Rowe's functioning during the relevant time frame.

2. Rowe also argues that Dr. Miller's post-denial evaluation undermines the ALJ's reasons for discounting her subjective symptom testimony. But again, Dr. Miller's evaluation does not relate to the adjudicatory period, and it says nothing about the activities or objective medical evidence that, as the ALJ found, contradicted Rowe's subjective claims. Thus, Dr. Miller's evaluation cannot "directly undermine[] the basis for the ALJ's decision." *Decker v. Berryhill*, 856 F.3d 659, 665 (9th Cir. 2017).

**AFFIRMED.**